BRIDGE LAND IMPROVEMENT CO., A CORPORATION, PLAINTIFF-RESPONDENT, v. FREDERICK G. MYERS, GEORGE HEPBURN SCHELL AND LEROY JOHN MYERS, EXECUTOR OF THE ESTATE OF BERTHA MYERS, DECEASED, AND FRED (ALSO KNOWN AS FREDERICK) G. MYERS, INDIVIDUALLY, DEFENDANTS-APPELLANTS.

Argued October 6, 1942—Decided October 30, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the defendants-appellants, *Carlton W. Rowand.*

For the plaintiff-respondent, *Albert B. Melnik.*

The opinion of the court was delivered by

BODINE, J.  Husband and wife entered into a contract to purchase land on installments.  When the contract was partly performed, the wife died.  The land company presented a claim to her executors for the balance of the entire purchase price pursuant to *N. J. S. A.* 3:25-5.  Such claim not being honored, suit was brought against the executors, in order to recover the amount due from her estate.  A second count in the complaint was laid against her husband for the installments due from the last payment to the time of the institution of suit.  The rule for judgment, so far as pertinent, was as follows: "It is ordered that judgment be entered for the plaintiff against the defendants, Frederick G. Myers,

George Hepburn Schell and LeRoy John Myers, executors of the estate of Bertha Myers, deceased, in the sum of $472.94" (the total amount due) "besides interest from November 15th, 1941, or a grand total of $473.74, besides costs, and against the defendant, Frederick G. Myers, individually in the sum of $363.94, with interest, making a total of $364.74" (the amount due to date), "besides costs, payment of the larger judgment to be satisfaction also of the smaller judgment."

There was no tender of a deed before action brought, the reason given being that the wife's executors were not entitled to the same and that the husband had not performed. However, if the wife's executors paid the judgment so that there was full performance the other tenant by the entirety would be entitled to a deed. None having been tendered recourse to another tribunal would be necessary. The plaintiff having elected to sue at law a tender of a conveyance was a condition precedent to recovery. *Corby* v. *Ward,* 112 *N. J. L.* 489.

The judgment against the executors of Mrs. Myers' estate must be reversed.

As to the defendant Myers, no tender was necessary because full payment was not and could not then be sought. *Biddle* v. *Coryell,* 18 *N. J. L.* 377. The land company is not limited in damages to the difference between the contract price and the value of the land. The vendor of land is not obliged to sell and sue the vendee for the difference in value, but if installments are due may sue in debt for them. *Corby* v. *Ward, supra.* The company was not precluded from so doing by the forfeiture clause contained in the contract in suit. A party to a contract cannot take advantage of his own wrong.

In *Nolan* v. *Kirchner,* 98 *N. J. Eq.* 452, Vice-Chancellor Leaming said: "The general view is that the primary object of contracts of this nature is deemed to be performance, not non-performance, and it is not to be presumed that stipulated damages for non-performance is intended to defeat that primary object in the absence of terms of the contract or its

relation to the subject-matter which adequately disclose the contrary to have been the intent of the parties."

The other points urged by the appellant have been carefully considered and have no merit. The judgment against Mrs. Myers' executors is reversed, since there was no tender of a deed.

The judgment on the second count against Frederick G. Myers is affirmed, with costs.